IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 06–cv–00431–EWN–PAC

MAIL BOXES ETC., INC.,

    Plaintiff,

v.

SPARROW, INC.,

    Defendant.

---

## TEMPORARY RESTRAINING ORDER

---

    This matter comes before the court on Plaintiff Mail Boxes Etc., Inc.'s ("MBE") Motion for Temporary Restraining Order. After reviewing the file and sworn declarations in support of the motion, and being adequately informed, the court finds as follows:

    1.    Immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition to the motion;

    2.    MBE has established a substantial likelihood of succeeding on the merits of its claims that Defendant Sparrow, Inc. has violated the post-termination obligations in its Franchise Agreement, infringed MBE's trademarks, engaged in unfair competition by using false or misleading descriptions or representations, and misappropriated MBE's trade secrets;

3.	MBE has shown that it will suffer immediate and irreparable injury, if Sparrow is not enjoined, before the matter can be heard in an adversary proceeding;

4.	A temporary restraining order would not be adverse to the public interest.

According the court ORDERS:

Sparrow, its officers, agents, servants, representatives, employees, attorneys, successors, assigns, or other individuals or entities controlling, controlled by, or affiliated with, Sparrow, and all those in privity or active concert or participation with them who receive actual notice of the temporary restraining order by personal service or otherwise (collectively, "Defendant and its Agents"), jointly and severally, shall refrain from operating a competing business in the same location as former MBE franchise, from using MBE's trade secrets or other confidential or proprietary information in violation of the Franchise Agreement, and from using MBE's name or any of its trademark or otherwise causing a likelihood of confusion or misunderstanding as to the source or affiliation of Defendant's and its Agents' products or services by, among other things:

1.	Ceasing all operation, either directly or indirectly, as an employee, proprietor, partner, stockholder, agent, principal, owner, part-owner, co-venturer, officer, director, manager, operator, financier, salesman, or other participant, or through a family relationship, of the business named "Alameda Pack & Ship," or any other business offering postal, communication and business services and products and related services and products, located at 303 South Broadway, in Denver, Colorado;

2.	Ceasing all use of an assigning to MBE the telephone and fax numbers used by Defendant's and its Agents' former MBE Center and current "Alameda Pack & Ship" store;

3. Ceasing all use of and delivering to MBE all trade secrets and other confidential and proprietary equipment and information provided to Defendant and its Agents, and all copies thereof, including MBE's point of sale system, operating manuals and updates, training materials, pricing and profitability guidelines and communications equipment;

4. Ceasing all use of and delivering to MBE at Defendant's and its Agents' cost, all stationary, printed matter, signs, advertising materials, labels, prints, packages, wrappers, receptacles, and logo items, and all copies thereof, in the possession of Defendant and its Agents bearing the MBE name, or any of MBE's trademarks, and all plates, molds, and other means of making the same, if any;

5. Ceasing all advertising using MBE's name or any of MBE's trademarks from all medial including newspapers, flyers, coupons, promotions, signs, telephone books, telephone directory assistance listings, mass mailings, and internet listings, and specifically including covering, so no longer legible, the words "Mail Boxes Etc." on the exterior walls of 303 South Broadway, Suite 200, Denver, Colorado, at Defendant's and its Agents' cost;

Sparrow shall file with the court and serve upon MBE's counsel within ten days after entry of this order, a written report, signed under oath, setting forth in detail the manner in which Defendant and its Agents have complied with this order.

This Temporary Restraining Order shall expire March 28, 2006, unless modified.

A hearing on MBE's request for a Preliminary Injunction is set for **March 28, 2006, at 2:00 o'clock p.m.** Any additional briefing or documentation regarding the preliminary injunction shall be submitted to the court on or before March 23, 2006.

**SO ORDERED.**

Dated this 14th day of March, 2006, 9:50 o'clock a.m.

                                          BY THE COURT:

                                        s/ Edward W. Nottingham
                                        EDWARD W. NOTTINGHAM
                                        United States District Judge